**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

|  |  |
|---|---|
| **Trustees of the Electrical Welfare Trust Fund:** Brian Moorefield; Tom Myers Joe Dabbs; Greg Warner; Paul Mella; and Francis DiGuiseppe<br>10003 Derekwood Lane #103<br>Lanham, Maryland 20706 | |
| **Trustees of the Electrical Workers Local No. 26 Pension Trust Fund:** Tom Myers; Michael Toman; Rich Murphy; George Hogan; Dave McKay; and Jon Eugenio<br>10003 Derekwood Lane #103<br>Lanham, Maryland 20706 | |
| **Trustees of the Electrical Local No. 26 Joint Apprenticeship and Training Trust Fund:** Stephen Kelly; George Hogan; Joe Dabbs; Rich Murphy; Paul Henriques; Andy Porter; Joe Daley; Gregg Kaderabek; and Kenneth Bassett<br>10003 Derekwood Lane #103<br>Lanham, Maryland 20706 | |
| **Trustees of the Local Labor Management Cooperation Committee:** James Marx; Rick Steele; Joe Dabbs; Larry Greenhill Sr.; Thang Nguyen; and Tim Miller<br>10003 Derekwood Lane #103<br>Lanham, Maryland 20706 | **Case No. 19-2047** |
| **Trustees of the National Electrical Benefit Fund:** Kenneth Cooper; David Long; Dennis Quebe; and Lonnie Stephenson<br>2400 Research Boulevard, Suite 500<br>Rockville, Maryland 20850 | |
| **Trustees of the Electrical Workers Local No. 26 Individual Account Fund:** | |


| | |
|---|---|
| **James Marx; William Briggs;** | ) |
| **Joseph Richards; Kenneth Basset;** | ) |
| **Rich Murphy; and Joseph Dabbs** | ) |
| **10003 Derekwood Lane #103** | ) |
| **Lanham, Maryland 20706** | ) |
| | ) |
| **Jonathan Thomas, Collection Agent for:** | ) |
| **The National Electrical Contractors Association** | ) |
| **Washington D.C. Chapter,** | ) |
| **4200 Evergreen Lane, Suite 335** | ) |
| **Annandale, Virginia 22003** | ) |
| | ) |
| and | ) |
| | ) |
| **George Hogan,** | ) |
| **Collection Agent for:** | ) |
| **Local Union No. 26,** | ) |
| **International Brotherhood of Electrical Workers** | ) |
| **4371 Parliament Place** | ) |
| **Lanham, Maryland 20706** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| **America's Best Service, Inc.** | ) |
| **2138 Priest Bridge Court, #6** | ) |
| **Crofton, MD 21114** | ) |
| | ) |
| **Serve:** | ) |
| | ) |
| **John Taylor Denny, Resident Agent** | ) |
| **15612 Overchase Lane** | ) |
| **Bowie, MD 20715** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiffs Brian Moorefield, Tom Myers, Joe Dabbs, Greg Warner, Paul Mella and Francis DiGuiseppe bring this action in their capacities as Trustees of the Electrical Welfare Trust Fund ("Welfare Fund"). Plaintiffs Tom Myers, Michael Toman, Rich Murphy, George

2

Hogan, Dave McKay and Jon Eugenio bring this action in their capacities as Trustees of the Electrical Workers Local No. 26 Pension Trust Fund ("Pension Fund").  Plaintiffs Stephen Kelly, George Hogan, Joe Dabbs, Rich Murphy, Paul Henriques, Andy Porter, Joe Daley, Gregg Kaderabek and Kenneth Bassett bring this action in their capacities as Trustees of the Local No. 26 Joint Apprenticeship and Training Trust Fund ("Apprenticeship Fund").  Plaintiffs James Marx, William Briggs, Rich Murphy, Ken Bassett, Joe Dabbs and Joe Richards bring this action in their capacities as Trustees of the Local No. 26 Individual Account Fund ("Account Fund"). Plaintiffs James Marx, Rick Steele, Joe Dabbs, Larry Greenhill Sr., Thang Nguyen and Tim Miller bring this action in their capacities as Trustees for the Local Labor Management Cooperation Committee ("LMCC"). Plaintiffs Kenneth Cooper, David Long, Dennis Quebe and Lonnie Stephenson bring this action in their capacities as Trustees for the National Electrical Benefit Fund ("NEBF").  Plaintiff Jonathan Thomas brings this action in his capacity as collection agent for the National Electrical Contractors Association, Washington D.C. Chapter ("NECA").  Plaintiff George Hogan brings this action in his capacity as collection agent for the Local No. 26, International Brotherhood of Electrical Workers ("Local 26") (collectively, "Plaintiffs").  Plaintiffs, by counsel, hereby complain of Defendant America's Best Service, Inc. ("Defendant") as follows:

## Introduction

1.     This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. (1982), and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiff benefit funds, including the Welfare Fund, the Pension Fund, the Apprenticeship Fund, the Account Fund and NEBF (collectively, the "Funds") seek a money judgment awarding delinquent contributions, union dues, accrued interest, liquidated damages and attorneys' fees and costs now due and

hereafter due, through the date of judgment, by Defendant to the Funds, pursuant to ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, the collective bargaining agreement, the Trust Documents governing the Funds and Section 301 of LMRA.  Plaintiffs LMCC, NECA and Local 26 seek a money judgment awarding delinquent contributions or union dues, accrued interest, liquidated damages and attorneys' fees and costs now due and hereafter due, through the date of judgment, by Defendant, pursuant to the collective bargaining agreement between the Defendant and Local 26 and Section 301 of LMRA.

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Plaintiff Funds are administered in this district.  Venue is also proper in this district for all Plaintiffs because the breach of the collective bargaining agreements applicable to the Funds and the consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301 of the LMRA, 29 U.S.C. § 185 occurred within this district as it is within this district that the relevant provisions of the collective bargaining agreements were required to be performed.

## Parties

4. Plaintiff Funds were established and are maintained as the result of collective bargaining pursuant to Section 302(c)(5) and (6) of LMRA, 29 U.S.C. § 186(c)(5) and (6).

5. The Plaintiff Funds are "multiemployer plans" within the meaning of ERISA Section 3(37), 29 U.S.C. § 1002(3).

6. Plaintiff NECA is a national nonprofit organization with chapters throughout the United States serving the electrical workers industry, and funded by contributions under various collective bargaining agreements. The Washington D.C. Chapter of NECA represents over 72 contractors who perform electrical and telecommunications installations in the Washington, D.C. metropolitan area, as well as southern Maryland and northern and southwestern Virginia.

7. Plaintiff LMCC was established and is maintained as the result of collective bargaining pursuant to Section 302(c)(9) of LMRA, 29 U.S.C. § 186(c)(9) and is a tax-exempt organization that aims to improve labor relations between labor and management in the union electrical industry and is funded by contributions under various collective bargaining agreements.

8. Local No. 26, International Brotherhood of Electrical Workers is a labor organization within the meaning of 28 U.S.C. § 152(5) representing employees in an industry affecting interstate commerce.

9. The Trustees of the Funds are "fiduciaries" with respect to their respective Funds as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of that Fund's Boards of Trustees, which is the "plan sponsor" of each respective Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

10. Defendant is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, Defendant is a corporation organized under the laws of the State of Maryland.

**Governing Documents**

11.     At all times relevant to this action, Defendant employed employees represented for the purposes of collective bargaining by Local 26.

12.     At all times relevant to this action, Defendant agreed to the terms of collective bargaining agreements ("CBAs") obligating Defendant to make monthly contributions to the Funds and submit monthly remittance reports to the Funds.

13.     The CBAs, among other things, require Defendant to make contributions to the Funds, LMCC and NECA at specified rates, and to be bound to the terms and conditions of the Agreements and Declarations of Trust ("Trust Agreements") establishing the Funds.

14.     Additionally, the CBAs require Defendant to deduct Local 26 union dues from employee pay and submit those amounts each month to the office of the Funds.

15.     Payments due to Plaintiffs are calculated separately for each Plaintiff on remittance reports required to be prepared monthly by each contributing employer.  This is a self-reporting system, subject to audit, and Plaintiffs rely on the accuracy of the employers in reporting hours worked and paid, and in reporting the contributions owed for work by employees.

16.     Without the information in the remittance reports, the Funds cannot determine the entire amount of the monthly contributions due to the Funds.  Additionally, without this information, the Funds cannot determine the employees' eligibility for benefits.

17.     Pursuant to the terms of the CBAs and Trust Documents, the completed remittance reports and accompanying contribution payments are due to the Funds no later than the 30th day after the end of each month in which the contribution accrued, and are delinquent if received thereafter.

18. Pursuant to terms of the CBAs and the Trust Agreements, Defendant is required to:

(a) submit to Plaintiffs, within 30 days of the end of the month in which the contribution accrued, remittance reports listing the name of each person employed pursuant to the CBAs and the number of compensable hours of wages paid to each such person during the relevant month;

(b) submit contributions to the Funds, LMCC and NECA in the amounts due under the CBAs;

(c) pay interest and liquidated damages to the Funds on any contributions submitted after the due date. Interest is to be assessed at the greater of the rate provided for in IRC §6621 or D.C. Code §28-3301(a) on all delinquent contributions, calculated from the due date of each delinquent contribution until the date the delinquent contribution is actually paid to the relevant Fund. Liquidated damages are to be assessed in an amount equal to the greater of 20% of each delinquent monthly contribution, or $50.00 per month;

(d) pay attorneys' fees and costs incurred by the Trustees in collecting the amounts due the Funds;

(e) withhold and make payment for union dues of members to Local 26; and

**COUNT I:**
**Claim for Delinquent Contributions by the Funds – ERISA Section 502(g)(2)**

19. Defendant has failed to make contributions and failed to submit reports to the Funds based on work performed during the months of March, April and May of 2019 as required under the terms of the CBAs and Trust Agreements.

20.     In addition, Defendant failed to timely and properly pay contributions and accrued interest and liquidated damages to the Funds for the months of April 2018 through February 2019.

21.     Accordingly, Defendant owes contributions in the amount of no less than $180,502.16, interest on those contributions at the greater of the rate provided for in IRC §6621 or D.C. Code §28-3301(a) in the amount of no less than $4,824.30, and liquidated damages equal to 20% of the delinquent contributions in the amount of no less than $101,554.54.

22.     The Funds repeatedly have demanded payment by the Defendant of these delinquent amounts, but Defendant has failed and refused to pay these amounts to the Funds.

23.     Defendant's continued failure to pay its contributions on a timely basis creates a significant risk that contributions due during the pendency of this lawsuit will not be paid. As a direct and proximate result, the Funds will continue to sustain injury and damages as a result of Defendant's failure to pay the contributions that accrue during the pendency of this action and seek an award from the Court for all amounts due through the entry of judgment against Defendant, including contributions, interest, and liquidated damages.

24.     Pursuant to the CBAs and ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant also owes to the Funds all reasonable attorney's fees and costs incurred in bringing this action against Defendant to enforce the Funds' rights and Defendant's obligations under the CBAs.

### COUNT II:
### Claim for Breach of Labor Contract by all Plaintiffs – LMRA Section 301

25.     Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

26.     By failing to pay the contributions and union dues owed to the Plaintiffs required under its CBAs, Defendant has breached the CBAs.

27. The Funds, LMCC and NECA are intended third-party beneficiaries of the CBAs and, therefore, have standing to assert claims for such a breach of the CBAs pursuant to LMRA § 301(a), 29 U.S.C. § 185(a).

28. Local 26 is a direct party to the CBAs and, as such, it has standing to bring a claim for breach of the CBAs pursuant to LMRA § 301(a), 29 U.S.C. § 185(a).

29. Pursuant to the CBAs and the Trust Agreements, Defendant owes contributions and dues in the amount of no less than $180,502.16, interest on those contributions and dues at the greater of the rate provided for in IRC §6621 or D.C. Code §28-3301(a) in the amount of no less than $4,824.30, and liquidated damages equal to 20% of the delinquent contributions and dues in the amount of no less than $101,554.54.

30. Plaintiffs repeatedly have demanded payment by the Defendant of these delinquent amounts, but Defendant has failed and refused to pay these amounts to the Plaintiffs.

31. Defendant's continued failure to pay its contributions and dues on a timely basis creates a significant risk that these amounts due during the pendency of this lawsuit will not be paid. As a direct and proximate result, the Plaintiffs will continue to sustain injury and damages as a result of Defendant's failure to pay the contributions and dues that accrue during the pendency of this action and seek an award from the Court for all amounts due through the entry of judgment against Defendant, including contributions, dues, interest, and liquidated damages.

32. Pursuant to the CBAs and the Trust Agreements, Defendant also owes to the Plaintiffs all reasonable attorney's fees and costs incurred in bringing this action against Defendant to enforce the Plaintiffs' rights and Defendant's obligations under the CBAs.

**Prayer for Relief**

**WHEREFORE,** the Plaintiffs request a judgment on behalf of the Plaintiffs against Defendant for all amounts due to the Plaintiffs at the time this cause reaches judgment and other relief, to wit:

i. Awarding to the Plaintiffs all of the sums due to the Plaintiffs under the terms of the CBAs, the Trust Documents, Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145, and LMRA Section 301, 29 U.S.C. 185, including all of the following:

   a. Delinquent contributions and dues in the amount of $180,502.16;

   b. Interest at the greater of the rate provided for in IRC §6621 or D.C. Code §28-3301(a) from the date due until the date paid, or the date of judgment in the amount of at least $4,824.30;

   c. Liquidated damages in the amount of at least $101,554.54 for delinquent contributions and dues owed at the time that the Plaintiffs filed this action;

   d. Attorneys' fees and other costs incurred by the Plaintiffs in the collection of delinquent amounts, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the CBAs and the Trust Agreements;

   e. Additional contributions, dues, interest and liquidated damages that may become due and owing during the pendency of this action or which become ascertainable based on the Plaintiffs review of Defendant's employment records;

   f. The attorneys' fees and costs incurred by the Plaintiffs in pursuing the delinquent amounts, including the fees and costs of this action; and

ii. Granting the Plaintiffs such further and other relief as may be just and proper.

Dated: July 12, 2019                    Respectfully submitted,

/s/ *Christopher M. Leins*_____
Sarah E. Sanchez, Esq. (Bar No. 15405)
Christopher M. Leins (Bar No. 20957)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-9700
(202) 234-8231 (facsimile)
*Counsel for Plaintiffs*

A copy of this Complaint will be served by certified mail upon the Secretary of Labor and the Secretary of the Treasury, as required by ERISA § 502(h), 29 U.S.C. § 1132(h).

20742163v1